## Case No. 7,830.

### KINSEY v. PULASKI COUNTY.

[2 Dill. 253.] [1]

Circuit Court, E. D. Arkansas. 1873.

COUNTY WARRANTS—POWER TO ISSUE.

Power in the county authorities to erect bridges and to support the poor therein conferred by general enactment, was held not limited by provisions in the revenue law of the state restricting the rate of taxation which may be annually levied by these authorities for bridge purposes and the maintenance of paupers.

[Cited in Whitwell v. Pulaski Co., Case No. 17,605.]

This is an action by the plaintiff as a holder of a large number of county warrants issued in the form specified by the statute. Gould's Dig. p. 923, § 46. They express on their face to be payable out of any moneys appropriated for the several purposes named in the warrants as "for medical attendance at the county jail;" "for building Fourche bridge;" "wood for county poor house;" "county clerk's fees," etc. The third count of the answer is as follows: III. "The said supposed warrants or orders amount in the aggregate to the sum of twenty-four thousand one hundred and eighteen dollars ($24,-118.00), and as appears from the face of the same, all of said warrants or orders, except

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

the amount of three thousand two hundred dollars ($3,200), were issued in payment of a tax levied. or attempted to be levied, by the county court of Pulaski county, for the year A. D. 1871, to build bridges, and to care for the poor, or paupers, in said county, and the amount so levied for the pauper fund for the year 1871, was $29,080.64, and the amount levied for the same year on account of bridge fund was $63,159.76, as will appear by reference to the certificate of the clerk of said county court, herewith filed and marked XI., and a part hereof; and the value of the taxable property in said county for the same year, was nine millions five hundred and thirty-nine thousand four hundred and forty-four dollars ($9,539,444), and upon this amount, for both purposes, there should not have been levied any tax greater than $19,078, when there was levied for both purposes $92,240.40, making a tax in excess of the legal amount of $73,162.40; for defendant says, under the revenue law of the state of Arkansas, in force when such assessment and levy were made, no greater tax could be assessed by the county court, than one mill on the dollar of the taxable property of the county for bridge purposes, and a like amount for taking care of the poor or paupers of the county, and to pay the tax so assessed and levied contrary to law as aforesaid, all of said supposed warrants or orders except to the amount of $3,200, as hereinbefore stated, were issued, and said assessment and levy being illegal and void, so are said supposed warrants or orders issued to pay the taxes required by such assessment and levy; and defendant further shows, that besides the said supposed warrants or orders, sued on herein, other warrants or orders of like character have been issued, which, added to those sued on, make up the full amount of the illegal assessment of $92,240.40, as aforesaid, as appears by the certificate of the clerk of said county court hereto appended and marked XI." To this count the plaintiff demurred on the ground that it sets forth no defense to the action, and this is the question presented for determination.

Benjamin & Barnes and T. D. W. Yonley, for plaintiff.

A. H. Garland and Gallagher & Newton, for the county.

Before DILLON, Circuit Judge, and CALDWELL, District Judge.

DILLON, Circuit Judge. The county court of each county in Arkansas is invested, inter alia, with jurisdiction and power to order the erection and repair of bridges, and is charged with the duty of taking care of and maintaining the poor therein. There is no express and specific limitation in the statutes as to the amount of liability which the county may incur for these purposes.

The defense set up is, that there is such a limitation, and that the most of the war-

rants in suit were issued after this limitation had been passed, and hence are not binding upon the county. The limitation is sought to be deduced from the provisions of the revenue law of the state, by which it is provided, that no greater tax can be assessed and levied by the county court than one mill on the dollar of the taxable property of the county for bridge purposes, and a like rate for taking care of the poor of the county.

The power to incur a liability in respect to bridges and paupers is distinct from the power to levy taxes to meet liabilities thus incurred. It may, or may not be, that no greater rate of taxation can be levied than the limited rate above mentioned, but this is a different question from the one, whether the county court in making contracts or incurring liabilities for bridges and paupers is limited to such as may be met out of such funds as may be raised by taxation at the specified rates.

It is our opinion that the limitation in the revenue laws as to the rate or amount of taxes which may be annually levied for bridges and paupers, does not measure the legal power of the county court to bind the county by contracts otherwise binding for these purposes. Demurrer overruled.

As to limitation on rate of taxation where there is express or special authority to create a debt, see Britton v. Platte City [Case No. 1,907]; Dill. Mun. Corp. §§ 107, 610, and cases cited; Whitwell v. Pulaski Co. [Id. 17,605].